OVERTON, J.
 

 Defendant was indicted for murder. Prior to arraignment he filed a plea, objecting to being arraigned under the provisions of the Code of Criminal Procedure, but insisted upon being arraigned under the" law, as it was, prior to the adoption of that Code, on the ground that the provisions of the Code relative to arraignment and to the trial-of pleas of insanity are unconstitutional. This plea was overruled. Defendant was then arraigned, but stood mute, whereupon the court, as provided by law, entered a plea of not guilty for him. Under this plea, evidence of insanity could not be offered. When the case, was called for trial, the court gave defendant an opportunity to plead insanity, but, through his counsel, he refused to avail himself of it, preferring to rest the insanity phase of his case upon the validity of his plea of the uneonstitutionality of the provisions of the Code of Criminal Procedure, relative to the urging and trial of pleas of insanity. Upon the'trial of the plea of not guilty, defendant was convicted of manslaughter.
 

 The record presents four bills of exception, all of which center upon the constitutionality of article 261 and articles 267 to 27S of the Code of Criminal Procedure, relative to arraignments and the trial of pleas of insanity. The first bill rests upon the overruling of the plea of unconstitutionality, filed prior to arraignment ; the second upon the refusal of the court to grant an order for the subpoenaing of certain alienists, residing out of the parish, to establish the insanity of-defendant ^ the third to the refusal of the court to permit certain physicians to testify to the insanity of the accused at the time of the commission of the offense, no other reason appearing for the refusal than that evidence of insanity could not be heard on the trial of the plea of not guilty; and fourth to the overruling of a motion for a new trial, which may be said to involve the same questions.
 

 Defendant pleads the unconstitutionality of article 261 of the Code of Criminal Procedure, in that it restricts him in making his plea and is violative of sections 9 and 12 of article 1 of the Constitution of 1921.
 

 Article 261 of the Code of Criminal Procedure provides that there are four pleas to an indictment,' namely, guilty, not guilty, former jeopardy, and insanity. Section 9 of article 1 of the Constitution of 1921 guarantees to an accused, among other things, the right to a speedy public trial by an impartial jury, but contains a proviso that in cases where the penalty is not necessarily imprisonment at hard labor, or death, the trial shall be by the court without a jury less than twelve in number as provided elsewhere in the Constitution. It is provided elsewhere in that instrument, namely, in section 41 of article 7 thereof, that: “All eases in which the punishment may not be1 at hard labor shall, until other
 
 *636
 
 wise provided by law, be tried by tbe judge without a jury. Cases, in which the punishment may be at hard labor, shall be tried by a jury of five, all of whom must concur to render a verdict; cases, in which the punishment is necessarily at hard labor, by a jury of twelve, nine of whom must concur to render a verdict; cases in which the punishment may be capital, by a jury of twelve, all of whom must concur to render a verdict.” Section 12 of article 1 of that instrument provides, inter alia, that cruel and unusual punishment shall not be inflicted.
 

 The objection that the defendant has to article 261 of the Code of Criminal Procedure seems to be that prior to its adoption, the sanity of the accused was an issue in the ease, of which the accused could avail himself by the introduction of evidence to show his insanity, under the plea of not guilty, whereas, under this article of the Code, the sanity of the accused is not put at issue by the plea of not guilty, but requires a plea of insanity to put it at issue.
 

 The effect of the article is merely to make a change in procedure by which the question of insanity is withdrawn from the plea of not guilty, and required to be raised by a distinct plea.
 

 There is nothing which, by this change, deprives an accused of a single constitutional right, or which makes the article unconstitutional. The article does not deprive defendant, in any manner whatever, of the right to a speedy public trial by an impartial jury. As to this article’s affecting the constitutional rights of an accused, it does not affect any right he may have to present his plea of insanity before a jury, whether it be at the same time the plea of not guilty is tried, or before or after it is tried, nor does it touch upon the manner of trial of any one of the four pleas that may be urged. As the article does not concern itself with the manner of trial, it is clearly not repugnant to section 9 of article 1 of the Constitution of 1921. The article is also not repugnant to section 12 of the same article of that instrument, for it does not purport even to inflict any punishment, and certainly not' the cruel and unusual punishment, prohibited by the Constitution, and hence is constitutional.
 

 Defendant also urges that article 267 to 273 of the Code of Criminal Procedure are unconstitutional on the grounds that they are violative of sections 2, 9, and 12 of article 1 of the Constitution 1921. Section 2 is the section, providing that no person shall be deprived of life, liberty, or property, except by due process of law, and sections 9 and 12 are the same sections, considered above, with reference to the constitutionality of article 261 of the Code, the first guaranteeing to the accused a speedy public trial by an impartial jury, and the second prohibiting cruel and unusual punishments.
 

 The articles of the Code, under attack, are quoted in full in the case of State v. Burris, 169 La. 520, 526, 125 So. 580, 581. Substantially, they are as follows:
 

 Article 267 requires that insanity, whether relied upon as a defense, or as a reason for defendant’s not being presently tried, must be set up as a separate and special plea, and that it must be filed, tried, and disposed of prior to the trial of the plea of not guilty. The article also prohibits the introduction of evidence of insanity upon the trial of the plea of not guilty. Section 268 provides for the appointment of a lunacy commission, to consist of the parish coroner and the superintendents of the two state hospitals for the insane, with leave-to either of the superintendents to appoint a competent physician in his place, the commission to proceed to the parish seat and examine into the sanity of the ac
 
 *638
 
 eused, and to summon and examine witnesses to ascertain his sanity. The section also provides that, if the commission reports that the accused is presently insane, or was insane at the time of the commission of the crime, he shall forthwith be committed to a criminal ward of a hospital for the insane, to remain there until discharged in due course of law, but if the report is that the accused is presently sane and was sane at the time of the commission of the crime the trial of the plea shall be proceeded with. Section 269 provides that every plea of insanity shall be tried by the judge without a jury, or by a jury of five, or by a jury of twelve, according as the charge in the indictment is triable, and that the same number of jurors concurring shall be necessary to the finding of a verdict as would be necessary to a verdict on the charge in the indictment. Article 270 provides for the incarceration of the accused in an insane asylum until his reason is restored, if, upon the trial of the plea of present insanity, he be found insane. Article 271 provides for the incarceration of the accused in an insane asylum, if, upon the trial of the plea of insanity, as a defense, he be found insane at the time of the commission of the offense, there to remain until discharged in due course of law. Article 272 provides that whenever it is claimed that a person, committed to a hospital, because insane at the time of the commission of the crime, has regained his reason, a rule shall be taken upon, and tried contradictorily with, the district attorney, the trial to be had in the same manner as the offense, charged in the indictment, would be triable.
 

 We find nothing in these provisions that denies to an accused due process of law. If he is found by the commission either presently insane or insane at the time of the commission of the offense, then there .is no occasion for him to be heard, for the finding is in accordance with his own contention. If, upon the other hand, he is found sane by the commission, he is given every opportunity to establish his insanity before a tribunal, constituted as would be the tribunal, selected to pass upon -the charge, contained in the indictment, on the trial of the plea of not guilty, with the requirement that the same number of jurors must concur to render a verdict as would be required, under the Constitution, upon the trial of the plea of not guilty, where the crime, charged against him, is triable by jury, instead of by the court, without a jury, and when the crime charged is triable by the court, without a jury, then before the court, sitting alone. When the accused is committed to an asylum, adequate provision is made for his release therefrom, upon his regaining his reason. ’ Hence, we find nothing in the articles denying an accused due process of law.
 

 The contention that the articles of the Code, relating to the trial of pleas of insanity, are violative of section 9 of article 1 of the Constitution 1921, relative to a speedy public trial by an impartial jury, rests largely upon the ground that this article contemplates that all pleas, touching the culpability of the accused, must be tried at one and the same time before the same tribunal, and therefore that the Legislature was without power to separate the trial of the plea of insanity from the trial of the plea of not guilty.
 

 It is clear that the separation of the trial of the two pleas does not, in any manner, affect the publicity of the trial, nor, in our view, does it deprive defendant of a speedy trial, within the intendment of the Constitution. The purpose of the requirement, as to a speedy trial, is not to force upon the Legislature, without regard to its conceptions of what is proper in procedure, the duty to
 
 *640
 
 provide for the speediest possible trial, but is rather to force upon the ■ prosecution the duty of bringing the accused to trial, within a reasonable time, under the laws, as they exist at the time the accused is entitled to trial.
 

 As to the right of the Legislature to separate the trial of the two pleas, it may be observed that it has the power to enact such legislation as is not prohibited by the Constitution of the United States or the Constitution of the state. State v. Volkman, 20 La. Ann. 585; State ex rel. Belden, Attorney General, v. Eagan, 22 La. Ann. 545. The separation of the trial of the two pleas does not deny an accused, where granted him by the Constitution, the right of trial by jury. The codal provisions expressly grant the right of trial by jury ,to the accused, on the trial of the plea of insanity, to the same extent, and with the same requirements, as does the Constitution grant the right to him, on the trial of the plea of not guilty.
 

 The real question, in our view, is: May the trial of the plea of insanity be separated from the trial of the plea of not guilty? There is no provision in the Constitution expressly prohibiting the separation, and, in our opinion, there is none impliedly prohibiting it. Insanity is, properly speaking, a defense. The burden of sustaining it rests upon the defendant, for he is presumed sane until he establishes the contrary by a fair preponderance of evidence. The defense is therefore unlike those defenses, where the burden rests upon the state to overcome them, such as the plea of self-defense. There would seem to be no reason from a constitutional standpoint why the trial of the pleas of insanity and not guilty should not be separated, in the exercise of the legislative discretion.
 

 A similar question was before the Supreme Court of California in People v. Hickman, 204 Cal. 470, 268 P. 909. There the Penal Code provides that, where a defendant pleads not guilty by reason of insanity, and joins with that plea another one, he must be tried first on the other plea, and if found guilty, he must then be tried promptly on the plea of insanity, either before the same jury or another jury, in the discretion of the court. The court, in that case, held that the provision, as to the separation of the trial of the two pleas, was not a denial or impairment of the right of trial by jury, guaranteed by the Constitution of that state. See also People v. Leong Fook, 206 Cal. 64, 273 P. 779; People v. Troche, 206 Cal. 35, 273 P. 767.
 

 This is not the first time that the codal provisions, here under consideration, have been attacked, in this court, as unconstitutional. In the case of State v. Burris, 169 La. 520, 125 So. 580, they were attacked upon several grounds, and were recognized as constitutional, as to the grounds upon which they were attacked. In the case of State v. Lange, 168 La. 958, 123 So. 639, 67 A. L. R. 1447, in passing upon the constitutionality of Act No. 17 (Ex. Sess.) of 1928, amending and re-enacting article 268 of the Code of Criminal Procedure, and repealing certain other articles thereof, it was distinctly recognized that there was no constitutional objection to trying the plea of insanity separately from the plea of not guilty.
 

 The contention that the codal provisions, under attack, are null, because violative of section 12 of article 1 of the Constitution 1921, relating to the infliction of cruel and unusual punishment, should not be sustained. Apparently, this contention is directed more especially against articles 268, 270, and 271 of the Code, providing for the commitment of the accused to an insane asylum, if found insane, whether presently or at the time of the commission of the crime, and there kept until it is ascertained that his reason is restored.
 

 
 *642
 
 Aside from the fact' that it is doubtful that defendant has a right to raise this question, since he has not been ordered committed to an insane asylum, and was not during the trial in danger of being so committed, we feel that the contention is not well grounded. There can be no question that, where the accused is found to be presently insane, he should be sent to an insane asylum. Where he is found to be insane at the time of the commission of the crime, though presently sane, there is no reason why, as a protection to society, he should not be committed to an insane asylum, where by the lapse of time and by observation it is made to appear that, with reasonable safety, he may be returned to society. See State v. Burris, 169 La. 520, 535, 125 So. 580, 585.
 

 As the articles of the Code appear to be constitutional, and as there was no plea of insanity to be tried, it follows that the remaining bills of exception, all of which rest upon the alleged unconstitutionality of the articles of the Code, relative to the plea of insanity, and therefore upon the asserted right of defendant to offer evidence of insanity at the time of the commission of the crime, upon the trial of the plea of not guilty, must be overruled. It may be repeated that article 267 of the Code prohibits the introduction of evidence of insanity upon the trial of the plea of not guilty.
 

 Defendant, through his counsel, has said much concerning the lack of wisdom in the foregoing legislation. As was said in State v. Burris, supra, with reference to the same articles:
 

 “As to whether these provisions .are wise is a matter which addresses itself exclusively to the Legislature. They are clear and constitutional, and it is the duty of the court to enforce them.”
 

 The verdict of the jury' and the sentence of the court are affirmed.
 

 O’NIELL, O. J., dissents.