ST. PAUL, J.
 

 The appellant was convicted of murder and sentenced to hang, t^is appeal brings up six bills of exception, which, however, present ■ only three points.
 

 In bills Nos. 3 and 4 he complains that the grand jury which indicted him and the petty jury which tried him were selected by jury commissioners whose appointment was not made strictly according to the provisions of the Code of Criminal Procedure, and whose oath was not recorded strictly according to law. But jury commissioners are officers, and
 
 *1070
 
 when in actual possession of their offices and discharging the duties thereof under color of right, they are at least de facto officers, and their right
 
 to
 
 hold and exercise their offices cannot be inquired into collaterally for the purpose of annulling their official acts. State v. White, 156 La. 770, 101 So. 136, and authorities there cited.
 

 In bill No. 2 he complains that articles 267 to 273 of the Code of Criminal Procedure are unconstitutional in so far as they require that the sanity or insanity of an accused shall be established by a jury different from that which passes on the general issue of the guilt or innocence of the accused. This question has been examined and disposed of adversely to the contention of the appellant in State v. Lange, 168 La. 958, 123 So. 639, 67 A. L. R. 1447, and in State v. Toon (La. Sup.) 135 So. 7,
 
 [1]
 
 decided April 27, 1931.
 

 Bills Nos. 1, 5, and 6, all relate to the regularity of the arraignment and plea of the defendant. He was arraigned pending the report of a commission de lunático inquirando, which afterwards reported him sane. This report of the commission cured any irregularity in the arraignment. State v. Charles, 124 La. 744, 50 So. 699, 18 Ann. Cas. 934. When the defendant was arraigned he stood mute, and the minutes merely state that fact, but do not state that a plea of not guilty was entered for him. We do not think this was necessary; the provision of the law (Code Or. Proc. art. 255) that when an accused stands mute “the plea of not guilty shall be entered for him” means simply that standing mute is equivalent to pleading not guilty. And the reason is this: Eormerly by the common law, from which our criminal practice is derived, an accused might refuse to plead, and if he had the fortitude to die under the peine forte et dure he might save his estate from forfeiture for felony.- 4 Blackstone, Com. 325, 327. But since the practice of thus saving estates from forfeiture was not to the liking of 'the crown, which was the loser thereby, it was enacted by statute of 12 Geo, III, c. 20, that standing mute should in effect be considered as a plea of guilty, in other words, as an admission of guilt. But this was a result not in accord with the genius of our American institutions, under which no man should be compelled to be a witness against himself, and accordingly all American states have adopted statutes by which if an accused stand mute a plea of not guilty-shall be entered for him. In other words, in America the effect of standing mute has-been given the opposite effect from, that which had been given it -by the English statute aforesaid (since changed by statute of 7 & 8 Geo. IV, ch. 28, sec. 2). See 16 C. J. p. 393, § 721.
 

 It is therefore clear that one who stands mute when arraigned, has in fact pleaded not guilty, and the law itself enters that plea in his behalf; for the law does not say by whom that plea shall be entered, but merely that.it shall be entered for him, meaning of course that standing mute or refusing to plead shall be taken, not as a plea of guilty, but as a plea of not guilty.
 

 Therefore when the record
 
 shows
 
 that an accused stood mute or refused to plead, if shows that the accused pleaded not guilty.
 

 Moreover, in this case the accused, when called for trial, announced ready for trial, and voluntarily went to trial without objecting in any way. to his not having pleaded (which might have been corrected instanter if necessary); nor did he raise that question except in arrest of judgment. Accordingly he cannot now complain, for “if the defendant voluntarily enters upon the trial without arraignment it shall be considered
 
 *1072
 
 “as if he pleaded not guilty.” Code Or. Proc. art. 256.
 

 Decree.
 

 The judgment appealed from is therefore affirmed.
 

 O’NIELL, O. J., dissents from the ruling on Bill No. 2.
 

 [1]
 

 Ante, p. 631.