SUMMERS, Chief Justice.
A grand jury indictment of April 13,1977 charged that Dennis Lighten committed aggravated rape upon a named female on February 4, 1977. La.Rev.Stat. 14:42 (1975). After trial a jury of twelve returned a verdict of guilty as charged. Lighten was sentenced to life imprisonment on January 6, 1978 without the benefit of probation, parole, or suspension of sentence. The defendant urges nine assignments of error on this appeal.
Assignment 1: Prior to arraignment defense counsel applied for the appointment of a sanity commission to examine and report on defendant’s present mental capacity to proceed and to examine defendant and report on his mental condition at the time of the alleged offense, all in accordance with Articles 644 through 647 of the Code of Criminal Procedure. Accordingly, a sanity commission, composed of Dr. Merrett Dearman, a psychiatrist in private practice, and Dr. Andrew Myrick, a physician in residency at a state hospital, was appointed on April 19, 1977 and ordered to report their findings to the Court within thirty days.
Dr. Dearman examined and filed his written report timely. However, Dr. Myrick informed the court much later that he had been forbidden to perform such duties by his superiors. Whereupon defense counsel filed a motion to traverse the report and findings of Dr. Dearman in order to prohibit its use by the State in this case and to appoint a wholly new commission.
The motion complained of two alleged irregularities: 1) that Article 644 of the Code of Criminal Procedure mandates that the Coroner shall be a member of the Commission; and 2) that the Commission did not function as a unit as required by law because Dr. Dearman’s report was made independently of Dr. Myrick, the other member of the Commission who made no examination or report. After a hearing on the motion it was denied, and the presiding judge ruled that another doctor would be appointed to replace Dr. Myrick.
Paragraph A of Article 644 of the Code of Criminal Procedure provides:
“A. Within seven days after a mental examination is ordered, the court shall appoint a sanity commission to examine and report upon the mental condition of the defendant. The sanity commission shall consist of at least two and not more than three physicians who are licensed to practice medicine in Louisiana, and have been in the actual practice of medicine for not less than three consecutive years immediately preceding the appointment. No more than one member of the commission shall be the coroner or any one of his deputies." (emphasis added).
To sustain his position that the sanity commission was improperly constituted, defense counsel refers to the last sentence of paragraph A of Article 644 which states that “No more than one member of the commission shall be the coroner or anyone of his deputies.” This stipulation in Article 644, it is argued, has the effect of mandating the inclusion of the coroner or one of his deputies in every sanity commission appointed by the court. Failure to include the coroner in the instant case had the effect of nullifying the legality of the Commission’s actions, the argument goes, and introduction of its report into evidence would prejudice the defendant to the extent that his conviction and sentence should be reversed.
At the hearing held on the defense motion to traverse it was established that the Coroner of Ouachita Parish was not a physician. This fact, together with our understanding of Article 644, convinces us that the ruling of the trial judge was correct.
Under the terms of the Article only “physicians who are licensed to practice medicine in Louisiana” may serve on sanity com *374 missions. This would mean that the Coroner of Ouachita Parish was not qualified to serve on a sanity commission. And the stipulation in the article that “No more than one member of the commission shall be the coroner or any one of his deputies.” does not mandate the inclusion of the coroner or one of his deputies. To the contrary, the quoted provision is more properly designed to limit the number of state officials (the Coroner or his deputies) on sanity commissions because of the bias officials charged with enforcement of the criminal law sometimes harbor against persons accused of crime.
The other objection raised by the defense to the report of the Sanity Commission concerns the fact that Dr. Dearman filed his report prior to and separate from the reports of the other physicians later appointed to serve on the Commission in the place of Dr. Myrick. The argument is made for the defense that the members of the Commission should consult with one another, act together in the examination and file a joint report.
While this argument suggests what seems to be a plausible requirement, there is no law or decision of this court which prescribes such a collegiate approach to the problem. It may reasonably be inferred that the Legislature intentionally refused to regulate physicians in the performance of their purely professional tasks in a specialized field of medicine. Competent physicians, the Legislature undoubtedly concluded, could more correctly decide upon the methods they should adopt to carry out their orders. Freedom in this respect appears to be a desirable and necessary latitude a professional man should have.
This assignment of error is without merit.
Assignment 2: It is asserted that the report compiled by Dr. John Ritchie, a member of the sanity commission as ultimately formed, was tainted by the alleged illegality complained of in the motion to traverse. That issue was fully considered in our treatment of Assignment 1. Because the contentions there were found to be without merit, this assignment of error is likewise unfounded.
Assignments 3, 4 and 5: Together these assignments involve the defense contention that Article 652 of the Code of Criminal Procedure is unconstitutional because it imposes the burden of proof upon the defendant of establishing the defense of insanity at the time of the offense by a preponderance of the evidence.
Recently in State v. Willie, 360 So.2d 813 (La.1978), this Court had occasion to again consider in depth a related contention involving Article 652. In a thorough review of the authorities, both federal and state, this Court reaffirmed the validity of Article 652 and approved our prior decisions on the subject. See State v. Glover, 343 So.2d 118 (La.1977); State v. Watkins, 340 So.2d 235 (La.1976); State v. Craig, 340 So.2d 191 (La.1976); State v. Berry, 324 So.2d 822 (La.1975); State v. Clark, 305 So.2d 457 (La.1974); State v. Toon, 172 La. 631, 135 So. 7 (1931).
This assignment is without merit.
Assignment 6: Abandoned.
Assignments 7, 8 and 9: During the second day of trial, defendant’s mother, a key defense witness, and other relatives advised court appointed counsel in open court that they wished to “fire” them and retain new counsel. On this note the jury was retired and the trial judge conducted an inquiry into the matter.
At that time both defense counsel moved to be relieved, stating that defendant had a constitutional right to counsel of his choice and their effectiveness was impaired. This impairment was evident because the very people who sought to “fire” appointed defense counsel were the key defense witnesses. The attempted withdrawal of appointed counsel was denied.
The following morning defendant’s family reappeared with another attorney who requested enrollment as counsel for the defendant, provided the judge would delay the trial by granting a continuance in order to enable counsel seeking enrollment to prepare for trial. In light of this new develop *375 ment appointed counsel again urged their motion for permission to withdraw. When all requests were denied, appointed counsel moved for a mistrial.
A continuance is the postponement of a scheduled trial or hearing, and may not be granted after the trial has commenced. La. Code of Crim.Pro. art. 708. A request for a continuance of this trial in progress came too late. The protracted recess required to permit retained counsel to prepare himself in this lock-up jury case would be detrimental to everyone concerned, including defendant.
Although the trial judge did not allow substitution of counsel in this matter, he did inform retained counsel that he could sit with appointed counsel during the trial to offer assistance and advice.
An attorney who waits until a trial has begun to seek enrollment, or to withdraw, has waited so long that the trial judge is justified in denying the request. The attempt smacks of a delaying tactic. State v. Hegwood, 345 So.2d 1179 (La.1977).
We have no reservations in upholding the trial judge in this instance, because he acted reasonably and ruled upon a sound basis. Moreover, defendant was properly represented at all stages of the proceedings by counsel who were competent and who exerted every reasonable effort on behalf of the defense.
The other issue raised by defense counsel is also untenable. Denying requests for enrollment and to withdraw as counsel are not grounds for mistrial within the letter of the law set forth in Article 775 of the Code of Criminal Procedure:
“A mistrial may be ordered, and in a jury case the jury dismissed, when:
(1) The defendant consents thereto;
(2) The jury is unable to agree upon a verdict;
(3) There is a legal defect in the proceedings which would make any judgment entered upon a verdict reversible as a matter of law;
(4) The court finds that the defendant does not have the mental capacity to proceed;
(5) It is physically impossible to proceed with the trial in conformity with law; or
(6) False statements of a juror on voir dire prevent a fair trial.
“Upon motion of a defendant, a mistrial shall be ordered, and in a jury case the jury dismissed, when prejudicial conduct in or outside the courtroom makes it impossible for the defendant to obtain a fair trial, or when authorized by Article 770 or 771.
“A mistrial shall be ordered, and in a jury case the jury dismissed when the state and the defendant jointly move for a mistrial.”
Whether an attorney should be allowed to withdraw from the case when he is competent and familiar with the case, as appointed counsel were here, is a matter which addresses itself to the sound discretion of the trial judge. State v. Finley, 341 So.2d 381 (La.1976). See also State v. Boudoin, 257 La. 583, 243 So.2d 265 (1971). We find no abuse of that discretion in this record.
Assignment 10: Abandoned.
Assignment 11: In brief defense counsel restates, by reference, his argument on assignments 4 and 5. Having found that these assignments lack merit, the restatement of the arguments in support of them adds nothing to the case.
For the reasons assigned, the conviction and sentence are affirmed.
BLANCHE, J., not participating.