156 So. 207

**STATE v. LYONS.**

No. 32940.

July 2, 1934.

Rene H. Himel and James R. Parkerson, both of Franklin, for appellant.

G. L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., L. O. Pecot, Dist. Atty., of Franklin, and S. O. Landry, Asst. Dist. Atty., of New Iberia (James O'Niell, Sp. Asst. to Atty. Gen., of counsel), for the State.

BRUNOT, Justice.

The accused was indicted and tried for murder. He was found guilty of manslaughter and was sentenced to serve a term at hard labor in the Louisiana State Penitentiary for that crime. He has appealed from the verdict and sentence.

No bills of exception were reserved during the trial, but counsel for the accused filed a motion for a new trial which was heard and overruled, and a bill was reserved to that ruling. Counsel also filed a motion in arrest of judgment, upon which motion alone they seem to rely, for they say, on page 3 of their brief, that their motion for a new trial will not be argued because it presents a matter which is addressed to the discretion of the court. We think counsel's statement is correct, but, as the judge's per curiam satisfactorily disposes of the bill, we quote from it the following:

"The motion for a New Trial is based upon the allegation of newly discovered evidence.

"Mover declares that the chief prosecuting witness, Isum Johnson, is a man of questionable character, and, in addition thereto, is unworthy of belief, and his general reputation for truth and veracity worthless.

"This constitutes the sole basis of the application for a new trial. * * * Under Article 511 of our Code of Criminal Procedure, to entitle the accused to a New Trial on the ground of newly discovered evidence it must affirmatively appear 'that it does not merely corroborate or impeach the credibility or testimony of any witness examined on the trial. * *' *'

"It may be stated at this time that other witnesses besides the said Johnson testified to material facts bearing upon the prosecution. From the whole, the accused received a fair and impartial trial, during which no bills of exception were taken by counsel for the accused, and the verdict rendered was in accordance with the evidence produced, and the law applicable."

The basis for the motion in arrest of judgment is the failure of the court to appoint counsel to defend the accused before he was arraigned and his case was fixed for trial. No bill of exception was reserved to the overruling of this motion, but counsel allege that the omission of the judge to appoint counsel for the accused until after his arraignment is a fact patent on the face of the record, and therefore the reservation of a formal bill is not necessary. They contend that the failure to appoint counsel to represent the accused until after his arraignment violates the proviso of article 143 of the Code of Criminal Procedure and brings the case within the line of authorities holding that:

"A conviction will be set aside if the error of the trial court is prejudicial, to the substantial rights of the accused or constitutes a substantial violation of a constitutional or statutory right."

Counsel contend that the proviso to article 143 of the Code of Criminal Procedure is an exception to the first part of the article, and "means, that in capital cases, the accused is entitled of right to the assistance of counsel before arraignment and at every stage of the prosecution."

We think the reasons assigned by the trial judge for overruling the motion in arrest of judgment demonstrate the fallacy of counsel's contention. The judge's reasons are lengthy and contain repetitions, but we prefer to quote them in full:

"The basis of this motion is stated in Article 5, wherein the accused, through his counsel, seeks to arrest the judgment on the ground that not having been represented by counsel when arraigned, his case fixed for trial, and copies of the indictment and Jury Venire ordered served upon him, that he was deprived of his constitutional right to have counsel assigned to represent him during the entire proceedings.

"The Grand Jury for the Parish of St. Mary was organized and impaneled on April 15, 1934. On April 18, 1934, it made its report to the Court, and therein indicted the accused for the crime of murder.

"Immediately upon the filing of the True Bills returned by the Grand Jury each accused indicted was called and arraigned.

"The accused, in the case at bar, was immediately arraigned following his indictment by the Grand Jury, and within a few moments subsequent to the filing of the indictment. Upon his arraignment, he entered a plea of Not Guilty. The case was then set down for trial for April 25, 1934. The Court, taking cognizance of the seriousness of the charge, involving the life of the accused, thereupon immediately of its own motion, inquired of the accused, whether or not he had employed counsel. This was done for the additional reason that no application or affidavit had been made by the accused of his inability to procure or employ counsel. Upon being informed by the accused that he had not employed counsel, the Court thereupon inquired of the accused as to his financial ability to employ or procure counsel for his proper defense. This inquiry showing that the accused was not able to employ or procure counsel, and that he did not expect financial assistance from members of his immediate family, the Court thereupon named and appointed Rene H. Himel and James R. Parkerson as counsel for the defense. Both counsel being then present in court, accepted the assignment. The arraignment of the accused, his plea of Not Guilty, the assignment of his case for trial a week hence, the ordering of service of a copy of the indictment and the Petit Jury Venire on the accused, and the appointment of defense counsel on the Court's own motion, were all done in their consecutive order, simultaneously.

"Counsel for the accused contend that the failure of the Court to have appointed counsel prior to the arraignment deprived him of his constitutional rights and in their argument to the Court, contend that the appointment of counsel for defense should have been made prior to the arraignment.

"This contention has no merit either in law or logic.

"It is too well recognized that every accused person in every instance shall have the

right to defend himself, and to have the assistance of counsel, who shall have free access to him at all reasonable hours. Article 142, Code Criminal Procedure.

"Under Article 143, of the Code, we find the following, quoting:

" 'Whenever an accused charged with a felony shall make affidavit that he is unable to procure or employ counsel learned in the law, the Court before whom he shall be tried, or some Judge thereof, shall immediately assign to' him such counsel; provided, that if the accused is charged with a capital offense, the Court shall assign counsel for his defense of at least five years actual experience at the bar.'

"Counsel for the accused in their argument bring up a collateral issue to the effect that in capital cases, the Court must assign counsel to defend the accused. Though this question is not an issue in this motion, for the quite evident reason that counsel was appointed, and actually represented the accused in his defense on the charge, I am constrained to hold that their interpretation given to Article 143 of our Code of Procedure is contrary to its very plain and unambiguous provisions.

"This Article clearly provides, in language not subject to ambiguity, that an accused charged with a felony, to be entitled to counsel for his defense, must make an affidavit, presenting the same to the Court, setting out his inability to procure or employ counsel. Upon that application and affidavit, the Court is accordingly bound to assign him such counsel. There is no distinction made by the Article as refers to capital cases, save with one exception. This Article does not command the Court to appoint counsel in capital cases without the application and affidavit of the accused as stated above. The very wording of the Article expressly covers every accused charged with a felony, and no exception is made to capital cases, save one. That exception has to do with the experience of counsel to be appointed, for the Code requires that in capital cases, the appointment of counsel, upon the application of an accused, through affidavit, of his inability to procure or employ counsel, shall be those of at least five years actual experience at the Bar. This wise exception in capital cases, was for the very plain and evident reason, to afford the accused person charged with capital crime, to have the full benefit of counsel of wide experience.

"However, this is beside the question. The Motion in Arrest of Judgment presents the case of the failure of the Court to have appointed counsel prior to actual arraignment.

"The arraignment of an accused consists merely in reading to the defendant the accusation against him contained in the indictment, and calling upon him then and there to plead. Article 254.

"It must be conceded from the very force of the facts themselves that the appointment of counsel for the defense, could not have been made prior to the indictment of the accused. Therefore, the contention simmers down to the proposition that immediately upon the indictment of the accused, and previous to his arraignment, the Court, upon its own motion, should have appointed counsel prior to arraignment, even though the arraignment immediately followed the filing of

the indictment. In other words, that the accused should have had counsel at the moment of his arraignment.

"As a first proposition, and as previously stated, the Court is not compelled to appoint counsel in any felony case unless upon the application and affidavit of the accused certifying to his inability to procure or employ counsel. It must be borne in mind that at no time either prior to arraignment, or subsequent thereto, was any application or affidavit made by the accused requesting the appointment of counsel for his defense. At the time of the arraignment, the Court could not assume the inability of the accused to employ or procure counsel, nor could the Court presume the plea of the accused on arraignment. Though it must be admitted that to obtain counsel in a felony case, a procedure as outlined by Article 143 of our Code must be observed, it has become a universal practice for courts ex proprio motu to appoint counsel without the application therefor by an accused. This was done in this instance immediately upon the arraignment of the accused.

"It cannot be said that the arraignment of an accused charged with a felony, who at that particular instant, is not represented by counsel, is such a substantial defect as would warrant the arrest of a judgment, resulting from a trial in which the accused was represented by eminent and learned counsel, during the entire stages of the trial. It will be seen that the court appointed an ex-District Attorney, and both members of the bar of long standing, and who have had extensive experience in the practice of criminal law. It will also be observed that these coun-

sel were appointed immediately upon arraignment and the accused and his counsel allowed one week for the preparation of their defense. It will also be observed, that under our rules of Court, counsel had a right prior to going to trial, to withdraw the plea of Not Guilty, entered by the accused, for the purpose of filing or submitting to the Court any pleas, demurrers, or exceptions, which in this case was not done. From the very appointment of counsel, and their acceptance of the assignment and their announced readiness for trial one week following their appointment, no motion, plea or demurrer was filed by them. Nor was there any motion for a continuance, nor did they file any plea prior to their announced readiness for trial contesting nor questioning the legality of their appointment. On the contrary, they accepted the appointment, diligently prepared their defense, and on the date fixed for trial announced their readiness for trial, and which was proceeded with until verdict was returned and rendered. It will be also observed that the named counsel diligently and zealously represented the accused during all stages of the trial. It will be also observed that no bill of exception was reserved by counsel for the defense, there being few questions of law involved, the great majority of which were ruled in favor of the defense.

"In view of these circumstances, can it be said that the failure of an accused to have counsel at the instance(t) of his arraignment is such a substantial defect vel non, as to warrant the setting aside of a verdict of manslaughter, after a fair and impartial trial, and verdict which is in accordance with the law and the evidence involved? I think not.

"There mere presence of counsel for an accused at the moment of arraignment can serve but little purpose, for the very evident reason that counsel can do nothing for the accused at that stage. Counsel cannot plead for the accused, in a felony case, our Code of Procedure under Article 257 requires the pleading by the defendant only in person.

"I am therefore certainly convinced that no substantial defect is here presented, nor was there any deprivation of the constitutional rights of the accused, nor was there any injustice occasioned him. In my opinion there was no error committed in the appointment of counsel immediately following the arraignment, and upon learning, through the Court's own initiative, without the application or request of the accused, that he was unable to employ counsel. Certainly there was no error which constituted a miscarriage of justice, nor a violation of his constitutional or statutory rights. Nor was there any error which was prejudicial to his rights. The accused was ably defended, received a fair and impartial trial, and the mere failure of the court to have appointed counsel prior to his arraignment, when no application had been made therefor by him, and more particularly when learned counsel was appointed immediately following arraignment, and afforded more than a reasonable time to prepare their defense, constitutes no error which in my judgment is sufficient in law to arrest the judgment in this case."

For the foregoing reasons, the verdict and sentence are affirmed.

O'NIELL, C. J., concurs in the decree.