620 So.2d 338 (1993)
STATE of Louisiana
v.
Robert A. FRAYCHINEAUD, Jr.
No. 93-KA-98.
Court of Appeal of Louisiana, Fifth Circuit.
May 25, 1993.
*339 Harry J. Morel, Jr., Emile R. St. Pierre, St. Charles Parish, Dist. Attorney's Office, Hahnville, for plaintiff/appellee.
Robert A. Fraychineaud, Jr., in pro per.
Before DUFRESNE, WICKER and GOTHARD, JJ.
GOTHARD, Judge.
Defendant, John Fraychineaud, appeals his conviction and sentence for violation of LSA-R.S. 32:64A. We reverse.
Defendant was charged by complaint with a violation of the general speeding law. The complaint alleged that on September 21, 1992 Fraychineaud was travelling 81 MPH in a 55 MPH speed zone on U.S. Highway 90 in St. Charles Parish, Louisiana. Defendant appeared for arraignment but refused to plead. Consequently, a plea of not guilty was entered in his behalf. At the conclusion of a trial on the merits, in which he represented himself, defendant was found guilty as charged and fined $165.00 including court *340 costs. He appeals his conviction and sentence to this court[1] assigning four errors.

FACTS
At about 9:11 PM on the evening of September 29, 1992, Trooper T. Freese was proceeding eastbound on Highway 90 when he observed a vehicle travelling at a high rate of speed in the opposing lane of traffic. He activated his radar unit which "clocked" the vehicle at 81 MPH. After verifying the speed Trooper Freese crossed the median, stopped the defendant's vehicle and issued a citation for speeding.
Initially defendant argues that he was not informed of his right to counsel and he did not waive that right. LSA-Const. Art. 1 Sect. 13 provides pertinently that "[a]t each stage of the proceedings, every person is entitled to assistance of counsel of his choice or appointed by the court if he is indigent and charged with an offense punishable by imprisonment."
The penal provision for a violation of the speed limit laws is provided for by LSA-R.S. 32:57 which reads as follows:
A. The first violation of the provisions of this Chapter or any regulation of the department, secretary, and commissioner made pursuant thereto shall be punished by a fine of not more than one hundred seventy-five dollars or by imprisonment for not more than thirty days, or both, unless otherwise specifically provided. A subsequent violation shall be punished by a fine of not more than five hundred dollars or by imprisonment for not more than ninety days, or both. [Emphasis Added]
Since the defendant was faced with the possibility of imprisonment he was constitutionally entitled to counsel. Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). Accordingly, LSA-C.Cr.P. art. 513 mandates that the court inform a defendant of his right to counsel before he pleads in answer to an indictment for an offense punishable by imprisonment. While the defendant may waive the right to counsel, the waiver must be knowing and voluntary and the record must affirmatively reflect that the defendant was advised of the right and elected to waive it. LSA-C.Cr.P. art. 514; Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). This failure of the trial court to inform defendant of his right to counsel[2] and to secure a valid waiver constitutes reversible error.
We also find merit in defendant's third assignment of error in which he challenges the validity of the instrument used to institute prosecution. Although defendant has failed to file a Motion to Quash in challenge to the instrument, that fact will not defeat his claim. This court may note a defect apparent on the face of the record in an errors patent review in accordance with LSA-C.Cr.P. art. 920(2). See in accord State v. Becnel, 463 So.2d 24 (La.App. 5th Cir.1985).
LSA-R.S. 32:398.4 provides:
In the event the citation form provided for in this Part is sworn to and includes the necessary information required under the general laws of this state with respect to a complaint which charges commission of the offense alleged in said citation to have been committed, then such citation, when filed with a court of proper jurisdiction, shall be deemed to be a lawful complaint for the purpose of prosecution under this Part.
The traffic ticket used in this case as the charging instrument is prepared in the form of an affidavit. However, that portion of the ticket was not executed. Although the arresting officer signed the *341 ticket, he did not swear to the complaint before an official as required by law. Thus, the ticket does not meet the requirements of a lawful complaint and cannot be used to institute prosecution.
We have reviewed defendant's assertions as to the impropriety of the arraignment and find them to be without merit. We further find his due process arguments are encompassed in our discussion of the right to counsel and do not require additional comment.
For the foregoing reasons we vacate the defendant's conviction and sentence and remand the matter to the trial court for further proceedings not inconsistent with this opinion.
CONVICTION AND SENTENCE VACATED; MATTER REMANDED
NOTES
[1] Speeding is not triable by a jury because the maximum sentence does not exceed six months. LSA-R.S. 32:57. Accordingly, this Court does not have appellate jurisdiction, although it does have supervisory jurisdiction over the matter. LSA-Const. of 1974 Art. 5, Section 10; C.Cr.P. art. 912.1. We will, however, rule on the merits in accordance with the directive in City of New Orleans v. Ballansaw, 475 So.2d 768 (La.1985). See also, State v. Boudreaux, 504 So.2d 1165 (La.App. 5 Cir.1987); State v. Maxwell, 554 So.2d 769 (La.App. 5 Cir.1989).
[2] Although the minute entry of the arraignment reflects that defendant was advised of his rights, the transcript proves otherwise.