846 So.2d 851 (2003)
STATE of Louisiana
v.
Marvin D. TARVER.
Nos. 02-0973, 0974-KA, 0975-KA.
Court of Appeal of Louisiana, Third Circuit.
March 12, 2003.
*852 James Edward Beal, Louisiana Appellate Project, Jonesboro, LA, for Marvin D. Tarver.
Walter Evans Dorroh Jr., Assistant District Attorney, Hon. J. Reed Walters, District Attorney28th Judicial District Court, Jena, LA, for State of Louisiana.
Court composed of JOHN D. SAUNDERS, OSWALD A. DECUIR, and GLENN B. GREMILLION, Judges.
SAUNDERS, Judge.
Between June 1, 1999, and August 15, 1999, the Defendant anally raped his twelve-year-old biological son thirty times and forced his son to engage in oral sex with him thirty times. Additionally, during this time, the Defendant forced his eight-year-old biological son to manually stimulate him to orgasm on eight occasions.
On October 17, 2001, the Defendant, Marvin D. Tarver, was charged by three separate grand jury indictments with thirty counts of aggravated rape of a juvenile (lower court docket number 67,182), violations of La.R.S. 14:42, thirty counts of aggravated oral sexual battery (lower court docket number 67,183), violations of La.R.S. 14:43.4, and eight counts of sexual battery (lower court docket number 67,184), violations of La.R.S. 14:43.1.
On May 28, 2002, trial on all three indictments commenced,[1] and on May 30, 2002, a twelve person jury found the Defendant guilty on all counts.
On July 2, 2002, the Defendant filed a "Motion for Post Verdict Judgment of Acquittal" which was denied by the trial court on July 3, 2002.
On this same date, the Defendant waived sentencing delays. Under lower court docket number 67,182, for his convictions of aggravated rape, the Defendant was sentenced as follows:
(1) Count one of the indictment, life imprisonment without benefit of parole, and to pay costs;
(2) Count two of the indictment, life imprisonment without the benefit of parole, with this sentence to run concurrently to the sentence imposed on count one;
(3) Counts three to thirty of the indictment, life imprisonment without benefit of parole on each count, with these sentences to run consecutive to the sentences imposed on counts one and two but concurrently to each other.
Under lower court docket number 67,183, for his conviction of aggravated oral sexual battery, the Defendant was sentenced as follows:
(1) Count one, fifteen years at hard labor without the benefit of parole, plus all costs;
(2) Count two, fifteen years at hard labor without the benefit of parole, with *853 this sentence to run consecutive to the sentence imposed under count one;
(3) Counts three to thirty, fifteen years at hard labor without benefit of parole on each count, with these sentences to run consecutively to counts one and two but concurrent to each other.
Under lower court docket number 67,184, the Defendant was sentenced as follows:
(1) Count one, ten years at hard labor without benefit of parole and pay all costs;
(2) Count two, ten years at hard labor without benefit of parole, with this sentence to run consecutively to count one;
(3) Counts three to eight, ten years at hard labor without benefit of parole, with these sentences to run consecutively to counts one and two but concurrently to each other.
Following imposition of sentence, the Defendant's attorney orally moved for reconsideration of sentence as excessive which the trial court denied. The Defendant's attorney then moved for an appeal which was granted.
On appeal, the three convictions have been consolidated, and the Defendant asserts the following errors:
1. The trial court erred by failing to afford counsel to defendant at arraignment after he had invoked his right to counsel in pre-trial interrogation.
2. Sentences for aggravated rape of life at hard labor to be served consecutively, one with the other, on two counts and life on twenty-eight other counts, concurrent with each other, but consecutive with the other two, plus 15 years on each of two charges of aggravated oral sexual battery consecutive with each other and then 15 years on twenty-eight other counts, concurrent with each other but consecutive with counts one and two, plus 10 year sentences on each of two counts of sexual battery, consecutive with each other and then 10 years on each of six additional counts concurrent with each other but consecutive with counts one and two, and each sentence to run concurrently with the other is excessive for this offender in this case.
ERRORS PATENT:
In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find the sentencing minutes for lower court docket number 67,182 require correction. The sentencing transcript states that the sentences imposed on Counts three through thirty are to run concurrently with each other, but consecutive to Counts one and two. The minutes do not reflect that the sentences imposed on Counts three through thirty are to run consecutive to the sentences imposed in Counts one and two. Thus, the case must be remanded for correction of the sentencing minutes.
ASSIGNMENT OF ERROR NO. 1:
The Defendant contends the trial court erred in failing to afford him counsel at arraignment, after he had invoked his right to counsel during pre-trial interrogation. The Defendant explains that during questioning by police on August 28, 2001, he requested counsel. On November 5, 2001, he was arraigned without counsel. The Defendant argues once he requested counsel, he invoked his right to counsel at every critical stage of the proceeding under the United States Sixth Amendment and La. Const. art. I, § 13. In support of his argument, the Defendant cites State v. Carter, 94-2859 (La.11/27/95); 664 So.2d 367.
Applying the principals set forth in Carter, the State counters that the Defendant's arraignment was not a "critical *854 stage" because the Defendant was not "confronted by his expert adversary in such a setting as could render a future trial a mere formality."
The transcript from the November 5, 2001, arraignment indicates the Defendant was present for arraignment without counsel. The clerk read the bills of indictment and the Defendant entered pleas of not guilty. At the end of the proceeding, the trial court indicated that the Defendant had previously been appointed counsel. There was no indication that the Defendant waived the presence of counsel at this proceeding.
The Sixth Amendment to the United States Constitution provides "in all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense."
La. Const. art. I, § 13 provides in part: "At each stage of the proceedings, every person is entitled to assistance of counsel of his choice, or appointed by the court if he is indigent and charged with an offense punishable by imprisonment."
In Carter, the supreme court held a defendant has a Sixth Amendment right to counsel only after adversary criminal proceedings have been initiated against him. The court explained:
In the plurality opinion of Kirby v. Illinois, 406 U.S. 682, 689, 92 S.Ct. 1877, 1882, 32 L.Ed.2d 411 (1972), the Supreme Court held the right to counsel does not attach prior to the "initiation of adversary judicial criminal proceedingswhether by way of formal charge, preliminary hearing, indictment, information, or arraignment." In an oft-quoted passage, the Court explained why the Sixth Amendment right to counsel does not attach until this point in the proceedings.
The initiation of judicial criminal proceedings is far from a mere formalism. It is the starting point of our whole system of adversary criminal justice. For it is only then that the government has committed itself to prosecute, and only then that the adverse positions of government and defendant have solidified. It is then that a defendant finds himself faced with the prosecutorial forces of organized society, and immersed in the intricacies of substantive and procedural criminal law. It is this point, therefore, that marks the commencement of the "criminal prosecutions" to which alone the explicit guarantees of the Sixth Amendment are applicable. Kirby, Id. at 689-90, 92 S.Ct. at 1882.
Id. at p. 5, 372.
The Carter court stated that after the Sixth Amendment right to counsel attached, the right to counsel "exists only during those post-attachment, pretrial confrontations which would be considered `critical stages'." Id. at p. 6, 373.
Then, the Carter court turned to La. Const. art. I, § 13, explaining that in State v. Hattaway, 621 So.2d 796 (La.1993), the court held that the right to counsel under this constitutional provision attached no later than a defendant's initial court appearance or first judicial hearing and thereafter applied to pre-trial proceedings which would be considered "critical stages" under the jurisprudence interpreting the Sixth Amendment. The court explained what is a "critical stage" in pertinent part:
This determination involves an analysis of "whether potential substantial prejudice to defendant's rights inheres in the particular confrontation and the ability of counsel to help avoid that prejudice" and includes "any pretrial procedure occurring after the attachment of the right to counsel in which a meaningful *855 defense or a fair trial could potentially be impaired if an uncounselled defendant were subjected to a confrontation by the state." Hattaway, 621 So.2d at 802 and 809. Therefore, even though the literal language of Art. I, Sec. 13 gives a defendant the right to counsel at "each stage of the proceedings", this court interpreted that phrase to include only those stages occurring after the attachment of the right to counsel which would be considered "critical stages" under the Sixth Amendment to the United States Constitution.
Id. p. 4, 664 So.2d at 371.
In footnote number four of Carter, pp. 6-7, 664 So.2d at 373, the court explained in pertinent part:
As the Supreme Court noted in Michigan v. Jackson, 475 U.S. 625, 629 n. 3, 106 S.Ct. 1404, 1407 n. 3, 89 L.Ed.2d 631 (1986) a case where "arraignment" under Michigan law marked the initiation of prosecution, "[t]he question whether arraignment signals the initiation of adversary judicial proceedings... is distinct from the question whether the arraignment itself is a critical stage requiring the presence of counsel, absent a valid waiver." See also Gilmore v. Armontrout, 861 F.2d 1061, 1070 (8th Cir.1988), cert. denied, 490 U.S. 1114, 109 S.Ct. 3176, 104 L.Ed.2d 1037 (1989); Upton v. State of Texas, 853 S.W.2d 548, 553 (Tex.Cr.App.1993); State v. Simmons, 260 Ga. 92, 390 S.E.2d 43, 45 (1990); 1 LaFave & Israel, Criminal Procedure, Sec. 6.4, p. 466, n. 59.1 (1991 Supp.).
The two inquires are distinct. When the right to counsel under the Sixth Amendment attaches is determined by the point at which adversary judicial proceedings have begun against defendant and the "adverse positions of government and defendant have solidified." Kirby v. Illinois, 406 U.S. at 689, 92 S.Ct. at 1882. On the other hand, a proceeding is only a critical stage if it is one at which the "accused [is] confronted, just as at trial by the procedural system, or by his expert adversary, or by both" in a situation where the results of the confrontation "might well settle the accused's fate and reduce the trial itself to a mere formality." Gouveia, 467 U.S. at 188-89, 104 S.Ct. at 2292. Thus, a defendant's right to counsel can attach at a particular proceeding even though that event may not also be a critical stage under the Sixth Amendment or under La. Const. art. I, Sec. 13.
In this case, on October 17, 2001, the Defendant was charged by three bills of indictment. A copy of the arrest report which was filed into the record indicates the Defendant was arrested the same day the bills of indictment were handed down by the grand jury. The Defendant was arraigned on November 5, 2001. Thus, the Defendant's right to counsel attached prior to arraignment. Consequently, the issue in this case is whether the Defendant's arraignment was a "critical stage" in the prosecution requiring the presence of counsel.
In Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961), the Supreme Court addressed a similar issue. In Hamilton, the defendant who was charged with a capital offense asserted he was denied counsel at the time of arraignment. The Supreme Court held in pertinent part:
Arraignment under Alabama law is a critical stage in a criminal proceeding. It is then that the defense of insanity must be pleaded (15 Ala.Code § 423), or the opportunity is lost. Morrell v. State, 136 Ala. 44, 34 So. 208. Thereafter that plea may not be made except in the *856 discretion of the trial judge, and his refusal to accept it is "not revisable" on appeal. Rohn v. State, 186 Ala. 5, 8, 65 So. 42, 43. Cf. Garrett v. State, 248 Ala. 612, 614-615, 29 So.2d 8, 9. Pleas in abatement must also be made at the time of arraignment. 15 Ala.Code § 279. It is then that motions to quash based on systematic exclusion of one race from grand juries (Reeves v. State, 264 Ala. 476, 88 So.2d 561), or on the ground that the grand jury was otherwise improperly drawn (Whitehead v. State, 206 Ala. 288, 90 So. 351), must be made.
Id. at 53-54, 82 S.Ct. 157.
In State v. Fraychineaud, 620 So.2d 338 (La.App. 5 Cir.1993), the defendant was charged with a misdemeanor, speeding. He appeared for arraignment but refused to enter a plea. A plea of not guilty was entered on his behalf. At the conclusion of a trial on the merits, in which the defendant represented himself, he was found guilty as charged. On appeal, as one of his assignments of error, the defendant argued he was not informed of his right to counsel and he did not waive that right. The court found in pertinent part:
Accordingly, LSA-C.Cr.P. art. 513 mandates that the court inform a defendant of his right to counsel before he pleads in answer to an indictment for an offense punishable by imprisonment. While the defendant may waive the right to counsel, the waiver must be knowing and voluntary and the record must affirmatively reflect that the defendant was advised of the right and elected to waive it. LSA-C.Cr.P. art. 514; Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). This failure of the trial court to inform defendant of his right to counsel and to secure a valid waiver constitutes reversible error.
Id. at 340.
Arraignment under Louisiana law is limited in function. In State v. Obey, 193 La. 1075, 192 So. 722 (1939), the defendant raised a similar issue and complained the record failed to show the defendant's counsel was present at the arraignment or that his presence was waived by the defendant. The supreme court stated:
Under the provisions of Article 256 of the Code of Criminal Procedure if a defendant voluntarily enters on the trial without arraignment it shall be considered as if he had pleaded not guilty. There is nothing in the record to show the defendant objected to going to trial. State v. Harper, 172 La. 1067, 136 So. 54.
Id. at 724.
La.Code Crim.P. art. 555 stems from former La.Code Crim.P. art. 256[2] and provides:
Any irregularity in the arraignment, including a failure to read the indictment, is waived if the defendant pleads to the indictment without objecting thereto. A failure to arraign the defendant or the fact that he did not plead, is waived if the defendant enters upon the trial without objecting thereto, and it shall be considered as if he had pleaded not guilty.
La.Code Crim.P. art. 516 provides:
When a defendant has pleaded at the arraignment without counsel, counsel subsequently appointed or procured before trial shall be given a reasonable time within which to withdraw any motion, plea, or waiver made by the defendant, and to enter any other motion or plea.
*857 The comments of La.Code Crim.P. art. 516 indicate this article codified the jurisprudential rule set forth in State v. Lyons, 180 La. 158, 156 So. 207 (1934). In Lyons, the defendant asserted the trial court failed to appoint counsel to defend him before he was arraigned. Counsel argued article 143 of the Code of Criminal Procedure provided that in capital cases, the accused was entitled to the assistance of counsel before arraignment and at every stage of the prosecution. The supreme court affirmed the trial court's ruling which denied reversal of the defendant's conviction on this basis. The supreme court, quoting the trial court, stated in pertinent part:
`The accused was ably defended, received a fair and impartial trial, and the mere failure of the court to have appointed counsel prior to his arraignment, when no application had been made therefor by him, and more particularly when learned counsel was appointed immediately following arraignment, and afforded more than a reasonable time to prepare their defense, constitutes no error which in my judgment is sufficient in law to arrest the judgment in this case.'
Id. at 210.
In State v. Rose, 271 So.2d 863 (La. 1973), the defendant complained counsel was not present at arraignment. The supreme court conceded that the minutes were silent as to whether counsel was present at the defendant's arraignment, but found no error because the defendant entered a plea of not guilty, and, pursuant to La.Code Crim.P. art. 516, counsel could have withdrawn his plea and entered any other motion or plea at a later time.
In Louisiana, there is no confrontation of witnesses or presentment of evidence at arraignment. Additionally, available defenses are not lost if not pled at arraignment. For example, La.Code Crim.P. art. 561 provides that a "defendant may withdraw a plea of `not guilty' and enter a plea of `not guilty and not guilty by reason of insanity,' within ten days after arraignment. Thereafter, the court may, for good cause shown, allow such a change of plea at any time before the commencement of the trial." (Emphasis added). La.Code Crim.P. art. 726 which permits a defendant, who intends to introduce testimony relating to a mental disease, defect, or other condition bearing upon the issue of his mental state required for the offense charged, to notify the district attorney of such intention no later than ten days prior to trial or such reasonable time as the court may permit. Moreover, motions to quash are required to be filed after arraignment. See La.Code Crim.P. arts. 521 and 535. Therefore, the present case is distinguishable from Hamilton.
Further, the present case is distinguishable from Fraychineaud. Fraychineaud was not represented by an attorney at arraignment or at trial and the court found reversible error. The court did not distinguish whether it would have reached the same result if the attorney had not been present at arraignment but had been present at the trial. In this case, the Defendant had appointed counsel at the time of arraignment. The record indicates that on August 29, 2001, the trial court ordered no bond be set and referred the case to the Indigent Defender Board. The day after arraignment, November 6, 2001, the Defendant's appointed counsel filed a Motion for Discovery and Inspection and Motion for Bill of Particulars. On January 2, 2002, the Defendant's counsel requested discovery and a fifteen day extension to file any motions. Moreover, he also participated in all phases of the trial and sentencing.
*858 Consequently, arraignment was not a critical stage requiring the presence of counsel. Therefore, this assignment of error is denied.
ASSIGNMENT OF ERROR NO. 2:
The Defendant asserts his consecutive sentences, imposed without any benefits, are excessive. The Defendant also contends the trial court failed to consider the lack of corroboration of the victim's statement.
Following imposition of sentences, the Defendant's attorney orally moved for reconsideration of sentence asserting the sentences imposed were excessive. This motion was denied by the trial court. Pursuant to La.Code Crim.P. art. 881.2, review by this court is limited to the excessiveness of the sentence.
At the time of the commission of the offenses, a conviction of aggravated rape provided punishment of life imprisonment without the benefit of probation, parole or suspension of sentence. Aggravated oral sexual battery carried a sentence of imprisonment up to fifteen years, without the benefit of parole, probation or suspension of sentence. Sexual battery carried a sentence of imprisonment up to ten years, without the benefit of parole, probation or suspension of sentence.
La.Code Crim.P. art. 883 provides:
If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.
In this case, the defendant received the maximum sentences on all of his convictions and counts one and two under each docket number were ordered to run consecutive to each other.
In State v. Blackmon, 99-391, pp. 5-7 (La.App. 3 Cir. 11/3/99); 748 So.2d 50, 53-54, writ denied, XXXX-XXXX (La.4/28/00); 760 So.2d 1174, this court explained:
A punishment is considered constitutionally excessive if it "(1) makes no measurable contribution to acceptable goals of punishment and hence is nothing more tha[n] the purposeful and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of the crime." State v. Wilson, 96-1392, p. 3 (La.12/13/96); 685 So.2d 1063, 1065, citing Gregg v. Georgia, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976).
. . . .
[A] trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. State v. Cook, 95-2784 (La.5/31/96); 674 So.2d 957. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. Id.

In sentencing a defendant, the trial court must specifically state for the record the considerations taken into account and the factual basis for the sentence. La.Code Crim.P. art. 894.1(C). Although not all aggravating and mitigating factors listed in Article 894.1(A) must be referenced by the sentencing judge, the record must affirmatively reflect that adequate consideration was given to codal guidelines in particularizing the defendant's sentence. State v. Smith, 433 So.2d 688 (La.1983).
*859 Maximum sentences are reserved for the most egregious offenders. See State v. Jones, 99-1074 (La.App. 3 Cir. 3/8/00); 758 So.2d 905, writ denied, XXXX-XXXX (La.8/13/01); 795 So.2d 1202, and State v. Pierce, 2001-94 (La.App. 3 Cir. 10/31/01); 799 So.2d 732.
In imposing sentence, the trial court stated in pertinent part:
But, anyway, I've had an opportunity to review this and I noticed that your adult record begins in November 17th of 1978, Mr. Tarver. When at that time, you were arrested by the Alexandria Police Department for illegal carrying of a weapon, and, also possession of marijuana. And, then, the next year, it was your first offensefirst timeDWI, here in LaSalle Parish. Then, your second time was disturbing the peace in ColumbiaJanuary 14th, 1981plus a simple assault. On January 6th, 1982, a DWI firsta second DWI firsthere in LaSalle Parish, and you were convicted of that on December the 2nd of 1982. Resisting arrest and carrying a concealed weapon at that timebrass knuckleson April 26th, 1984. Benton S.O. October 16th, 1984, arrested for DWI, convicted on 4-17 of '85.... February 4th, 1997, Natchitoches S.O., simple rape, amended to aggravated batterythat's what we heard you testify to at trial, because you entered a plea on October 15th of 1997, you got four years at hard labor which were suspended, three years' probation and you were revoked on October 5th of 2001.... And, of course, on August 23rd of 2001, that's when the present charges, according to this particular thing were initiatedthe aggravated rape, the sexual battery and aggravated oral sexual batteryof course, as the evidence went, it occurred during the ten week period during that particular summer that your twothat your children were visiting with you your three children. So, basically, what the Court looks at is that for a period of approximately ten weeks, while you had the custody of your children, you sodomized one of them 30 times and you raped one of them 30 times and you had the other one masturbate you, or you masturbate the other one eight times, while in LaSalle Parish over a ten week period. That's what you did. Sounds horrible, don't it? When I say it that way? But, that's what happened. I've considered Article 894.1(a), that in your particular case, that you are completely not eligible for probation, parole, or suspension of sentence, and, in fact, even if you were, I would still incarcerate you because of your prior criminal history indicates to me that there would be an undue risk giving the criminal history that you would re-offend. You definitely are in need of correctional treatment that only can be provided by commitment to an institutiona penal institutionand any less of a sentence would deprecate the seriousness of these crimes that you did. On the aggravated factors, Article 894.1(B)(2)you knew or should have realized your victims were particularly vulnerable due to their extreme youth. These were your young sons. Fouryou used your position and status as a father to facilitate your crimes. If you were a total stranger, this never would've happened. Six (b)(6)you used threats of and actual violence in committing your crimes. And I could consider it to be violent when you restrain a person with handcuffs even though you don't hit them. That's what I'm considering violent. Number sevensubsequent to the offenses, you used threats or conduct with the intent to influence the institution of a criminal proceeding. When one of your sons went to tell your ex-wife, the *860 first thing she did was confront you with it and after that, the young man seen that he really didn't have any help from even his mama, because of your response and reaction, that retarded the progress of the criminal prosecution. And what happened was that he actually started misbehaving, acting out, and then he became violent and that leads us to number nine. The offenses with him resulted in significant, permanent, psychological damage to that older son well, the middle son, actually. Mitigating circumstances are considered in 894.1(b) from number 22 to number 33. Guess what? No mitigating circumstances. In other words, what you did was so dastardly that the State of Louisiana has declared that a person who is convicted of that offense has to go to jail for the rest of their life.
. . . .
Well, Article 883 in the Louisiana Code of Criminal Procedure tells the Court what it should do with concurrent and consecutive sentences. And it saysif the defendant is convicted of two or more offenses based on the same act or transaction or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the Court expressly directs that some or all be served consecutively. So, that's what I'm doing. Counts one and counts two in the first two bills of information are consecutive to one another. And counts three through 30 are consecutive so I don't expect to see any motions saying I didn't think about it. Other sentences of imprisonment shall be served consecutively, unless the Court expressly directs the sum of all them be served concurrently. But, anyway, that's what I'm telling you. They are all consecutive and the reason why they are consecutive is because what I heard was that on aboutwhat I heard was is that you did the aggravated rape both ways, you did the aggravated oral sexual battery both ways and the sexual battery was both ways. Both you used the victim and you required the victim to use you. That's what I heard. And that's part of the reason. Anyway, that's my sentence and the reasons for it. Next case.
We find the trial court did not abuse its discretion in imposing maximum sentences in this case. A review of the trial judge's reasons for imposing sentence indicates the trial court took into consideration the applicable aggravating circumstances in imposing sentence and found no mitigating circumstances. Additionally, the trial judge specified why he was imposing consecutive sentences. Applying the facts of this case and considering the material contained in the presentence investigation report, we find the sentences imposed by the trial court were not so grossly disproportionate to the severity of the crimes as to shock one's sense of justice. Accordingly, this assignment of error is denied.
DECREE:
For the reasons stated above, the Defendant's convictions and sentences are affirmed. However, the case is remanded for correction of the sentencing minutes of lower court docket number 67,182 to reflect that the sentences imposed on Counts three through thirty are to run concurrently with the sentences imposed on Counts one and two.
AFFIRMED; REMANDED WITH INSTRUCTIONS.
NOTES
[1] The record before this court does not indicate the Defendant moved for consolidation of the charges for trial. However, the record does not indicate that the Defendant objected to the charges being tried together, and because the charges involve a similar character, they could have been consolidated under La. Code Crim.P. art. 493.2.
[2] See comments (a)(b) and (c) of La.Code Crim.P. art. 555.