# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 16-824


**STATE OF LOUISIANA**

**VERSUS**

**COBY QUINTON CEASAR**
**AKA COBY QUINTON CEASER**


\*\*\*\*\*\*\*\*\*\*

SUPERVISORY WRIT FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 29622-10
HONORABLE GUY E. BRADBERRY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JOHN D. SAUNDERS**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.


**WRIT GRANTED AND MADE PEREMPTORY, IN PART;**
**WRIT DENIED, IN PART.**

John F. DeRosier
14th Judicial District Court
District Attorney
P. O. Box 3206
Lake Charles, LA 70602-3206
(337) 437-3400
COUNSEL FOR PLAINTIFF/RESPONDENT:
    State of Louisiana

Coby Quinton Ceasar
Louisiana State Penitentiary
613641, Oak-1
Angola, LA 70712
PRO SE:
    Coby Quinton Ceasar

**SAUNDERS, Judge.**

Relator, Coby Quinton Ceasar, was convicted of second degree murder in the July 28, 2010 shooting death of his stepfather, Patrick Myles, Sr. This court affirmed Relator's conviction finding the state presented sufficient evidence to meet its burden of showing Relator did not act in self-defense. *State v. Ceasar*, 14-141 (La.App. 3 Cir. 10/1/14), 149 So.3d 301, *writ denied*, 14-2228 (La. 8/28/15), 175 So.3d 961. Relator filed an application for post-conviction relief in the trial court which the trial court denied on September 19, 2016. Relator contends the trial court erred in its treatment of the issues raised therein.[1]

## ASSIGNMENT OF ERROR NO. 1:

Relator contends that the trial court erred in failing to address his claim regarding prosecutorial misconduct because it was outside the purview of La.Code Crim.P. art. 930.3 which sets forth the grounds for post-conviction relief. Relator raises numerous examples of what he alleges was prosecutorial misconduct at his trial. First, Relator claims that during his opening statement, the prosecutor told the jury that the victim was a good man and that his vouching for the victim's character prejudiced Relator. Additionally, Relator contends the prosecutor misrepresented the facts of the case to the jury in his opening statement. Next, Relator claims the prosecutor failed to correct false testimony of a witness, testimony known by the prosecutor to be false. Relator also claims the trial court erred in allowing the prosecutor to question Relator's mother as a hostile witness. Essentially, Relator claims the prosecutor misrepresented facts at trial to present a false-positive image of the victim and a negative image of Relator to the jury in order to incite their prejudice against Relator.

---

[1] A copy of Relator's writ application was forwarded to the State at its request. The State reserved its right to file a response, but a response was never received.

The trial court denied Relator's claims of prosecutorial misconduct as not falling within the purview of La.Code Crim.P. art. 930.3. Louisiana Code of Criminal Procedure Article 930.3 provides, in pertinent part:

> If the petitioner is in custody after sentence for conviction for an offense, relief shall be granted only on the following grounds:
>
> (1) The conviction was obtained in violation of the constitution of the United States or the state of Louisiana[.]

In *State v. Ortiz*, 11-2799, p. 7 (La. 1/29/13), 110 So.3d 1029, 1034, *cert. denied*, __ U.S. __, 134 S.Ct. 174 (2013), the supreme court stated:

> Grounds for post-conviction relief in Louisiana are primarily restricted to constitutional or jurisdictional violations, La.C.Cr.P. art. 930.3, and "the touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor . . . the aim of due process 'is not punishment of society for the misdeeds of the prosecutor but avoidance of an unfair trial to the accused.'" *Smith v. Phillips*, 455 U.S. 209, 219, 102 S.Ct. 940, 947, 71 L.Ed.2d 78 (1982) (quoting *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215 (1963)).

Likewise, this court has stated, "the . . . assignment, involving prosecutorial misconduct, should properly be raised in an application for post-conviction relief." *State v. Kendrick*, 96-1636, p. 18 (La.App. 3 Cir. 6/25/97), 699 So.2d 424, 434, *writ denied*, 98-2159 (La. 12/18/98), 731 So.2d 280.

Thus, we find that the trial court erred in failing to consider Relator's claims regarding prosecutorial misconduct raised in his application for post-conviction relief. As such, Relator's writ application as to this claim is granted, and the case is remanded to the trial court for consideration and ruling thereon.

## ASSIGNMENT OF ERROR NO. 2:

Relator claims the trial court erred in denying his claim of ineffective assistance of counsel that resulted when his attorney prevented him from testifying at trial after hearing the prosecutor's threat to introduce investigative reports about sexual abuse allegations against Relator. Relator claims his attorney made the

decision that Relator would not testify, a decision that Relator alone had the authority to make.

In support of his claim, Relator points to a transcript excerpt from an objection raised at trial during the testimony of the victim's estranged wife, Linda Myles. When defense counsel asked Ms. Myles whether she knew of the victim's criminal record, the prosecutor objected. During the course of the ensuing colloquy about the victim's prior bad acts/crimes, defense counsel mentioned his desire to present evidence of a child protection investigation stemming from the victim hitting Relator in the face with a belt. The prosecutor responded that the State could then present information that Relator sexually abused people living in the house with him and that it could provide reports, opening up the "whole can of worms." To this, defense counsel responded, "Not if my client doesn't testify."

The trial court found that counsel's suggestion that Relator not testify falls within the scope of trial strategy. Further, the trial court found that Relator did not show that his counsel's actions were unreasonable or that he was prejudiced by thereby. Accordingly, the trial court found that Relator failed to meet the burden of proof set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984).

> The defendant's claim of ineffective assistance of counsel is to be assessed by the two part test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Fuller*, 454 So.2d 119 (La.1984). The defendant must show that counsel's performance was deficient and that he was prejudiced by the deficiency. Counsel's performance is ineffective when it can be shown that he made errors so serious that counsel was not functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment. *Strickland, supra*, 466 U.S. at 686, 104 S.Ct. at 2064. Counsel's deficient performance will have prejudiced the defendant if he shows that the errors were so serious as to deprive him of a fair trial. To carry his burden, the defendant "must show that there is a reasonable probability that, but

3

for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland, supra*, 466 U.S. at 693, 104 S.Ct. at 2068. The defendant must make both showings to prove that counsel was so ineffective as to require reversal. *State v. Sparrow*, 612 So.2d 191, 199 (La.App. 4 Cir.1992).

This Court has recognized that if an alleged error falls "within the ambit of trial strategy" it does not "establish ineffective assistance of counsel." *State v. Bienemy*, 483 So.2d 1105 (La.App. 4 Cir.1986). Moreover, as "opinions may differ on the advisability of a tactic, hindsight is not the proper perspective for judging the competence of counsel's trial decisions. Neither may an attorney's level of representation be determined by whether a particular strategy is successful." *State v. Brooks*, 505 So.2d 714, 724 (La.1987).

> *State v. Griffin*, 02-1703, pp. 8-10 (La.App. 4 Cir. 1/15/03), 838 So.2d 34, 40, *writ denied*, 03-809 (La.11/7/03), 857 So.2d 515.

*State v. Anderson*, 13-42, pp. 9-10 (La.App. 3 Cir. 7/3/13), 116 So.3d 1045, 1052, *writ denied*, 13-1806 (La. 5/16/14), 139 So.3d 1019.

We find that the excerpt from the trial transcript relied upon by Relator fails to prove that his attorney prevented him from testifying at trial. Further, Relator fails to allege how he was prejudiced by his failure to testify at trial. Thus, this claim has no merit and was properly denied by the trial court.

**ASSIGNMENT OF ERROR NO. 3:**

Relator asserts the trial court erred in concluding he was not denied the assistance of counsel at his arraignment. Relator claims that although he waived his attorney's presence at his November 22, 2010 arraignment, he did not do so voluntarily, knowingly, or intelligently which was required because arraignment is a critical stage of the proceedings.

The trial court denied Relator's claim on the grounds that he failed to state a claim upon which relief could be granted, noting that Relator's claim was factually

incorrect. The trial court noted that the court minutes of November 22, 2010, show Relator waived counsel's presence for arraignment.

The court minutes dated October 25, 2010, reflect that Relator appeared without counsel. The prosecutor advised the trial court that Relator was represented by Charles St. Dizier. Relator requested the presence of counsel for arraignment; thus, arraignment was refixed for November 22, 2010. On that date, November 22, 2010, Relator appeared via audio-visual transmission. Again, the prosecutor informed the court that Relator was represented by Mr. St. Dizier. After questioning by the court, Relator waived his attorney's presence for purposes of arraignment only, tendered a plea of not guilty, and requested a trial by jury. Court minutes dated March 7, 2012, reflect that the court appointed the Public Defender's Office to represent Relator. On March 19, 2012, the court relieved Mr. St. Dizier of his appointment and appointed the Public Defender's Office to represent Relator. Relator was subsequently represented at trial and sentencing by attorney Michael McHale.

In *State v. Tarver*, 02-973 (La.App. 3 Cir. 3/12/03), 846 So.2d 851, *writ denied*, 03-1157 (La. 11/14/03), 858 So.2d 416, the defendant was present for arraignment without counsel and entered pleas of not guilty. At the end of the proceeding, the court indicated that the defendant had previously been appointed counsel. There was no indication that the defendant waived counsel's presence at the arraignment. Before this court was the issue of whether the defendant's arraignment was a critical stage requiring the presence of counsel. In concluding that it was not, this court stated:

> Arraignment under Louisiana law is limited in function. In *State v. Obey*, 193 La. 1075, 192 So. 722 (1939), the defendant raised a similar issue and complained the record failed to show the defendant's counsel was present at the arraignment or that his presence was waived by the defendant. The supreme court stated:

5

Under the provisions of Article 256 of the Code of Criminal Procedure if a defendant voluntarily enters on the trial without arraignment it shall be considered as if he had pleaded not guilty. There is nothing in the record to show the defendant objected to going to trial. *State v. Harper*, 172 La. 1067, 136 So. 54.

*Id*. at 724.

La.Code Crim.P. art. 555 stems from former La.Code Crim.P. art. 256 and provides:

Any irregularity in the arraignment, including a failure to read the indictment, is waived if the defendant pleads to the indictment without objecting thereto. A failure to arraign the defendant or the fact that he did not plead, is waived if the defendant enters upon the trial without objecting thereto, and it shall be considered as if he had pleaded not guilty.

La.Code Crim.P. art. 516 provides:

When a defendant has pleaded at the arraignment without counsel, counsel subsequently appointed or procured before trial shall be given a reasonable time within which to withdraw any motion, plea, or waiver made by the defendant, and to enter any other motion or plea.

The comments of La.Code Crim.P. art. 516 indicate this article codified the jurisprudential rule set forth in *State v. Lyons*, 180 La. 158, 156 So. 207 (1934). In *Lyons*, the defendant asserted the trial court failed to appoint counsel to defend him before he was arraigned. Counsel argued article 143 of the Code of Criminal Procedure provided that in capital cases, the accused was entitled to the assistance of counsel before arraignment and at every stage of the prosecution. The supreme court affirmed the trial court's ruling which denied reversal of the defendant's conviction on this basis. The supreme court, quoting the trial court, stated in pertinent part:

'The accused was ably defended, received a fair and impartial trial, and the mere failure of the court to have appointed counsel prior to his arraignment, when no application had been made therefor by him, and more particularly when learned counsel was appointed immediately following arraignment, and afforded more than a reasonable time to prepare their defense, constitutes no error which in my judgment is sufficient in law to arrest the judgment in this case.

6

*Id.* at 210.

In *State v. Rose*, 271 So.2d 863 (La.1973), the defendant complained counsel was not present at arraignment. The supreme court conceded that the minutes were silent as to whether counsel was present at the defendant's arraignment, but found no error because the defendant entered a plea of not guilty, and, pursuant to La.Code Crim.P. art. 516, counsel could have withdrawn his plea and entered any other motion or plea at a later time.

In Louisiana, there is no confrontation of witnesses or presentment of evidence at arraignment. Additionally, available defenses are not lost if not pled at arraignment. For example, La.Code Crim.P. art. 561 provides that a "defendant may withdraw a plea of 'not guilty' and enter a plea of 'not guilty and not guilty by reason of insanity,' within *ten days after arraignment*. Thereafter, the court may, for good cause shown, allow such a change of plea at any time before the commencement of the trial." (Emphasis added). La.Code Crim.P. art. 726 which permits a defendant, who intends to introduce testimony relating to a mental disease, defect, or other condition bearing upon the issue of his mental state required for the offense charged, to notify the district attorney of such intention no later than ten days prior to trial or such reasonable time as the court may permit. Moreover, motions to quash are required to be filed after arraignment. See La.Code Crim.P. arts. 521 and 535. Therefore, the present case is distinguishable from *Hamilton*[*v. Alabama*, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961)].

Further, the present case is distinguishable from [*State v.*] *Fraychineaud* [620 So.2d 338 (La.App. 5 Cir.1993)]. Fraychineaud was not represented by an attorney at arraignment or at trial and the court found reversible error. The court did not distinguish whether it would have reached the same result if the attorney had not been present at arraignment but had been present at the trial. In this case, the Defendant had appointed counsel at the time of arraignment. The record indicates that on August 29, 2001, the trial court ordered no bond be set and referred the case to the Indigent Defender Board. The day after arraignment, November 6, 2001, the Defendant's appointed counsel filed a Motion for Discovery and Inspection and Motion for Bill of Particulars. On January 2, 2002, the Defendant's counsel requested discovery and a fifteen day extension to file any motions. Moreover, he also participated in all phases of the trial and sentencing.

Consequently, arraignment was not a critical stage requiring the presence of counsel.

*Tarver*, 846 So.2d at 856-58 (footnote omitted).

Similarly, in the present case, arraignment was not a critical stage of the proceedings. *Tarver*, 846 So.2d 851. As in *Tarver*, Relator entered a plea of not guilty, and he was subsequently represented by counsel at trial and sentencing. Accordingly, this claim has no merit.

We note that in Relator's trial court application, he asked for a copy of the colloquy (transcript) of the arraignment, so he could supplement his claims if necessary. As Relator notes in his application to this court, this request was not addressed by the trial court. It is not necessary to grant Relator's request for the transcript at this point, as we find that the arraignment was not a critical stage of the proceeding in this case.

**ASSIGNMENT OF ERROR NO. 4:**

In this assignment of error, Relator contends the trial court erred in again finding that he failed to set forth a valid claim under La.Code Crim.P. art. 930.3. This assignment of error is based on the trial judge's refusal to allow defense counsel to introduce evidence of the victim's dangerous character which Relator claims resulted in him being deprived of a fair trial. The trial court's ruling on this issue was that "[t]he decision of the court to allow or deny evidence to be introduced does not fall under any of the grounds set forth in [La.Code Crim. P. art. 930.3]." Accordingly, it found that Relator failed to state a claim upon which relief can be granted.

Rulings regarding the admissibility/inadmissibility of evidence concern a defendant's right to a fair trial, a right guaranteed by La. Const. Art. 1 § 16. Accordingly, we find that Relator's claim regarding the trial court's refusal to allow defense counsel to introduce evidence of the victim's dangerous character falls within La.Code Crim.P. art. 930.3 (1). *See State ex rel. Barnes v. State*, 14-

8

1016 (La. 10/28/16), 203 So.3d 222.[2] Accordingly, this claim is remanded to the trial court for consideration and ruling thereon.

## ASSIGNMENT OF ERROR NO. 5:

Relator claims his appellate counsel's performance was deficient even though he raised a claim of insufficiency of the evidence. Relator claims that had his appellate attorney followed jurisprudence, he would have briefed the errors currently raised in Relator's application for post-conviction relief. In ruling on this claim (and the other ineffective assistance of counsel claim), the trial court stated that Relator could not show that his attorney's actions were unreasonable or that he was prejudiced. Additionally, the trial court noted that the claims did not rise to the level of denying Relator a fair trial. Accordingly, it found Relator failed to meet the *Strickland* burden.

Recently, the supreme court stated the following regarding a claim of ineffective assistance of appellate counsel:

> In reviewing claims of ineffective assistance of counsel on direct appeal, the Supreme Court of the United States has expressly observed that appellate counsel "need not advance every argument, regardless of merit,["] urged by the defendant. *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830[835,], 83 L.Ed. 2d 821 (1985). The Court gives great deference to professional appellate strategy and applauds counsel for "winnowing out weaker arguments on appeal and focusing on one central issue if possible, and at most a few key issues.["] *Jones v. Barnes*, 463 U.S. 745[746], 103 S.Ct. 3308[3310], 77 L.Ed.2d 987 (1983). This is true even where the weaker arguments have merit. *Id.* at 751-2, 103 S.Ct. 3308.
>
> When the claim of ineffective assistance of appellate counsel is based on failure to raise the issue on appeal, the prejudice prong of the

---

[2]The *Barnes*, *Id. at 223*, court stated:

> Relator's claims concerning the sufficiency of the state's proof, erroneous jury charges and the admissibility of other crimes evidence are repetitive. La.C.Cr.P. art. 930.4. As to the remaining claims, relator fails to satisfy his post-conviction burden of proof and/or state cognizable grounds for relief on collateral review. La.C.Cr.P. art. 930.2; La.C.Cr.P. art. 930.3.

*Strickland* test requires the petitioner to establish that the appellate court would have granted relief, had the issue been raised. *United States v. Phillips*, 210 F.3d 345, 350 (5 Cir. 2000).

*State ex rel. Sparkman v. State*, 15-1726, p. 3 (La. 10/17/16), 202 So.3d 488, 491.[3]

In *State v. Joseph,* 16-191, pp. 11-12 (La.App. 5 Cir. 12/7/16), 205 So.3d 1013, 1023, the fifth circuit addressed a similar claim as follows:

> Defendant also contends that his appellate counsel was ineffective for failing to raise any issues on appeal. However, this claim is moot, as defendant has in fact raised alleged errors himself in his pro se supplemental brief. *State v. Kent*, 15-323 (La.App. 5 Cir. 10/28/15), 178 So.3d 219, 232 (citing *State v. Roberson*, 94-1570 (La.App. 3 Cir. 11/2/95), 664 So.2d 687, 692). Further, defendant's *pro se* assignments of error have been reviewed herein and have been found to be without merit. "In the appellate context, the [*Strickland*] prejudice prong first requires a showing that we would have afforded relief on appeal." *Roberson, supra* (citing *United States v. Phillips*, 210 F.3d 345, 350 (5th Cir. 2000)). Thus, because there do not appear to be any non-frivolous errors that would afford relief on appeal, and defendant's *pro se* assignments of error have not been shown to have merit, defendant cannot establish prejudice. *See Roberson*, *supra*. In light of the foregoing, we decline to find that defendant's appellate counsel was ineffective for filing an *Anders* brief. This assignment of error is without merit.

Likewise, in the present case, Relator has raised the claims that he alleges counsel should have raised on appeal, and they have been reviewed via the post-conviction relief process. Thus, for the claims herein reviewed by this court and found to be meritless, we find that Relator has failed to establish prejudice. As for the two claims that must be remanded for consideration and ruling, we find that Relator's claim of ineffective appellate counsel is not foreclosed.

**WRIT GRANTED AND MADE PEREMPTORY, IN PART; WRIT DENIED, IN PART:** Relator's claims regarding prosecutorial misconduct and the trial court's exclusion at trial of evidence regarding the victim's character are properly raised in an application for post-conviction relief. La.Code Crim.P. art. 930.3(1); *State v. Kendrick*, 96-1636 (La.App. 3 Cir. 6/25/97), 699 So.2d 424, *writ denied*, 98-2159 (La. 12/18/98), 731 So.2d 280. Thus, the trial court erred in finding these two claims failed to state a ground on which relief could be granted. Accordingly, we remand these claims to the trial court for consideration and ruling

---

[3]The above quoted material from *Sparkman* appears in the district court's written reasons denying the relator's application which the supreme court attached to and make part of its per curiam opinion

thereon. Relator's claims of ineffective assistance of trial counsel and the denial of his right to counsel at arraignment have no merit and are denied. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984); *State v. Tarver*, 02-973 (La.App. 3 Cir. 3/12/03), 846 So.2d 851, *writ denied*, 03-1157 (La. 11/14/03), 858 So.2d 416. Relator's claim of ineffective assistance of appellate counsel as it concerns the two claims being remanded is not foreclosed. Otherwise, Relator's claim of ineffective assistance of appellate counsel for failing to raise the claims he now raises is denied.